**Frankel v. Pepsi-Cola Bottling Company**

*Charles B. Pursel,* for plaintiff.
*Donald A. Lewis,* for defendants.

KREISHER, P. J., January 14, 1970.—The above-captioned action was instituted by the filing of a complaint on August 15, 1969, wherein it is alleged

that a plaintiff minor of approximately 12 years of age of Philadelphia while visiting in Centralia, this county, on or about August 17, 1967, allegedly purchased a bottle of Pepsi-Cola in a four-pack dispenser from defendant store owner. The pack was taken to the home of a relative where it was placed in the refrigerator. Later in the day while attempting to open one of the bottles, it broke, causing a small cut to the thumb of the hand for which plaintiff seeks damages in excess of $10,000 against the above-captioned joint defendants.

Paragraph seven of the complaint states, inter alia, that:

"Plaintiff has no direct means as to asserting the exact cause of the break, but Plaintiff believes, and therefore avers, that the breaking of the bottle and the resultant injuries to John McGhee, the minor, was occasioned through the carelessness and negligence of the Defendants, in that:

"Defendant Pepsi-Cola Bottling Company was careless and negligent:

"(1) in improperly bottling a carbonated beverage:

"(2) in bottling a carbonated beverage in a glass container that was not fit or proper to contain a carbonated beverage:

"(3) in supplying to the open market a carbonated beverage in such condition that it was a dangerous instrumentality under the circumstances;

"(4) in failing to use proper care under the circumstances;

"(5) in selling a carbonated beverage and container in a defective condition which was unreasonably dangerous to the plaintiff who was the intended consumer thereof;

"(6) in placing onto the market a beverage in a glass container which was defective and unreasonably dangerous.

"Defendant Michael Cherapan was careless and negligent:

"(1) in supplying to the open market a carbonated beverage in such condition that it was a dangerous instrumentality under the circumstances;

"(2) in failing to use proper care under the circumstances;

"(3) in selling a carbonated beverage and container in a defective condition which was unreasonably dangerous to the plaintiff who was the intended consumer thereof:

"(4) in placing onto the market a beverage in a glass container which was defective and unreasonably dangerous."

Defendant bottling company has filed preliminary objections alleging that said complaint fails to set forth any negligence on the part of defendant bottling company, that a soft drink bottle is not a dangerous instrumentality, and that plaintiff has failed to set forth any legal basis for recovery and, therefore, requests that the complaint be stricken.

Counsel have argued this case in open court and filed their written briefs, so it is now before us for disposition.

It goes without saying that the burden of proof in a trespass action is on plaintiff and that the complaint should be sufficiently informative to advise defendant as to the nature of the case to enable him to file a responsive answer. However, this action was instituted in trespass based on Restatement, Torts §402A, which was adopted by the Pennsylvania Supreme Court in the case of Webb v. Zern, 422 Pa. 424. This section of the restatement covers the situation of products liability and its rationale, and its illustrative application in the restatement comments indicate that for liability to attach, the seller need only sell a defective product, not that he also must have caused

the defect, and that the producer need only place upon the market a product in a dangerous condition which would be likely to cause injury to a user or consumer.

Therefore, plaintiff takes the position that under the facts pleaded he has complied with the provisions of section 402A and has made out a case of strict liability.

This section of the restatement has been recently passed upon by our Supreme Court in the case of Bialek v. Pittsburgh Brewing Company, 430 Pa. 176, which involves the case of an exploding bottle of beer. The distinction between this case and the case at bar is obvious because we are in the present case not dealing with an exploding bottle of beer, but rather one that broke while being opened by plaintiff. Therefore, we conclude that the burden is still upon plaintiff to show not only the duty of care owed to plaintiff but also defendant's breach of that duty.

After a review of the case law, beginning with the cases before the adoption by our appellate court of the said section of the Restatement, Torts, we note the case of Coralnick v. Abbotts Dairies, 337 Pa. 344, wherein a directed verdict for defendant was affirmed by the Supreme Court where a grocer sued the dairy company for injuries to his hand caused by a broken milk bottle as he was removing it from the carton to put it on display in his store. The court concluded that the doctrine of res ipsa loquitur did not apply and that the burden of proof was upon plaintiff.

In the recent Pittsburgh Brewing Company case above cited, the court held that it was a jury question after proper instructions to determine whether or not plaintiff made out a case. Likewise, in the present case, under the pleadings now before the court, we must take as true all of the allegations set forth in the complaint and cannot say as a matter of law that plaintiff failed to make out a case, because we are

dealing with a product put upon the market, and the law as it now stands imposes the burden upon the producer and the seller to market their products in safe containers.

However, we choose under the pleadings now before the court to follow a more middle ground, because we believe the recent rules of the Pennsylvania Supreme Court provide the parties a procedure which might possibly resolve the problem before the case goes to trial.

We do not believe that we are justified under the rationale of §402 of the Restatement, Torts, to strike plaintiff's complaint as requested by defendant; nor do we believe we are required to direct defendant to bring the case at issue and go to trial on a complaint. So the alternative in this particular case, we believe that is justified, is founded upon the more recent rules of civil procedure providing for depositions and discovery beginning with 4001, etc., and, thereafter, to be followed up, if defendant's contentions are correct, by a proceeding under Pa. R.C.P. 1035 which provides for a summary judgment based not only upon the pleadings but upon the depositions and all collateral matters which might be brought to light prior to the case being at issue and ruled for trial.

Therefore, without quoting the rules alluded to or the many cases we have examined on the substantive law, we choose to make an order allowing defendants sufficient time to proceed under Pa. R.C.P. 4001, etc.

## ORDER OF COURT

And now, to wit, January 14, 1970, all proceedings in the above-captioned matter are stayed for a period of 20 days, with permission granted to defendants to file proceedings in accordance with the foregoing opinion. Exception noted.